(No. 1412—

R. F. CONWAY Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 7, 1929.*

*Rehearing denied January 15, 1930.*

E. S. & J. W. CUMMINGS, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On April 22, 1924, claimant entered into a contract with. the State to construct section 23 of State Bond Issue Route No. 18 in Bureau County. Claimant was to furnish all labor and material necessary for the construction of the road and .was to do the work in accordance with the plans and specifications therefor, the proposal to contractors, bond, specifications and plans all being made a part of the contract. The work was started and had progressed to within about a mile of the Village of LaMoille when claimant was notified that about one half mile of the road would not be built because the right of way for that portion had not been procured from the owner of the land. When the work reached the point where the right of way had not been secured claimant, at the direction of the State Engineer, moved its equipment forward about one half mile and proceeded with the work. In about a month after that move the engineers notified claimant that the State had decided to build the omitted portion of the road and asked claimant to proceed with the construction of it. Claimant asked the engineers if it would be paid any

extra compensation if it moved its equipment back and built the omitted portion and was told by all of them they were not authorized to state that any extra compensation would be allowed, and no one representing the State ever promised to pay any extra compensation or assured claimant that it would receive any. Claimant then moved part of its equipment back and constructed the omitted portion of the road for which it was paid the full contract price, but no extra compensation was paid or allowed. When the entire road was completed it was received by the State and claimant was paid in full in accordance with the terms of its contract for all the work done.

Claimant now asks for an award of $4,000.00 to compensate it for alleged extra expense incurred by being required to skip the omitted portion of the road and then return and build it later.

In its contract claimant agreed to construct the portion of the road skipped, it was a part of the work claimant contracted to do. It was not extra work but had it been claimant could not recover for many of the items making up its demand, as the specifications provide no charge shall be made for them should work not covered by the plans and specifications be done by the contractor. As claimant is barred from recovery on other grounds it is not necessary to discuss those items in detail.

Section 19 of Article 4 of the Constitution provides that "the General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made," etc. This provision of the Constitution is mandatory and binding upon the Legislature and all courts of the State. (*Pachen Bros.* v. *State,* No. 760, opinion filed Sept. 13, 1927.) Its language is clear and unambiguous and its purpose cannot be misunderstood. *Fergus* v. *Brady,* 277 Ill. 272.) It was adopted by the people to protect themselves from the mischiefs and evils likely to arise out of claims such as this. (*Dunnegan Construction Co.* v. *State,* No. 1021, opinion filed Sept. 10, 1929.) The contract between claimant and the State required claimant to do the work in question and fixed the compensation it was to receive for doing the work. The work has been completed and the con-

tract price for it fully paid and no extra compensation can now be allowed. To do so would be a patent violation of the above provision of the Constitution.

The award is therefore denied and the claim ·dismissed.

On January 15, 1930, upon petition for rehearing the following additional opinion was filed:

Claimant has filed a petition for rehearing and reconsideration of this case. We have duly considered the reasons set forth in the petition for a reconsideration of the case and find no reason for changing the views and reasons given in the opinion denying the award. The petition for a rehearing is therefore denied.